### 11937

### STATE *EX REL.* WINDHAM v. DICK, COUNTY SUPERIN-TENDENT OF EDUCATION, *ET AL.*

#### (131 S. E., 772)

INJUNCTION—DISPUTED ELECTION OF TEACHER MATTER OF LOCAL CON-TROVERSY FOR SCHOOL TRIBUNALS, AND COURT PROPERLY REFUSED TO RESTRAIN PAYMENT OF SALARY PENDING DETERMINATION OF RIGHT TO POSSESSION (CIV. CODE, 1922, §§ 2548, 2597, 2616, AND § 2630, SUBD. 2).—Disputed election of teacher by trustees is matter of local controversy, determinable, if possible, by proper school tribunals, under Civ. Code, 1922, §§ 2548, 2597, 2616, and § 2630, Subd. 2, and Court properly refused to restrain payment of salary to teacher in possession pending determination of right.

Before DENNIS, J., Darlington, December, 1924. Affirmed.

Proceeding by the State, on the relation of Reba Windham, against L. W. Dick, as Superintendent of Education of Darlington County, and others. From an order denying a restraining order pending final determination of the case, petitioner appeals.

The order of Judge Dennis is as follows:

"This matter comes before me, under an order of Judge Featherstone dated November 22, 1924, being a rule to show cause and restraining order pending this hearing. The petition in this case alleges that the petitioner was duly elected teacher of Black Creek School in Black Creek School District in Darlington County, under a contract made with the Trustees of said school district, under the terms of which the petitioner was to receive $100.00 per month as her com-

pensation. The petition further sets forth that the Trustees of said school district subsequently undertook to elect and employ Mary Ella Gandy, one of the respondents, and that the said Trustee refused to allow the petitioner to take charge of said school and teach the same, although she presented herself at the proper time and place to perform the duties of teacher. The return of the respondent, Trustees, shows that Mary Ella Gandy was elected according to law; that she was put in charge of the school, and is performing the duties of teacher of this school, in a satisfactory manner. The return of Miss Gandy sets forth that she was employed; that she was put in charge and is performing her duties; and that at the time of her employment, and at the time of assuming the duties of teacher of this school, she had no knowledge or information of any claim of the petitioner to the position of teacher of this school. The petition prays relief that the petitioner be adjudged the teacher, and that the respondent, Mary Ella Gandy, be adjudged to be in unlawful possession of said office of teacher, and further asks that, pending the determination of this action, the respondent, L. W. Dick, as Superintendent of Education of this County, and the respondents, Newson, Haire, and McIntosh, as Trustees of said school district, be restrained and enjoined from paying or authorizing the payment to the respondent, Mary Ella Gandy, of her salary as teacher from the public funds belonging to said school district.

"It seems clear to me that the respondent, Mary Ella Gandy, was duly and legally elected teacher, put in charge of the school, and has been, and is, performing the duties of teacher of said school in a satisfactory manner, and that she made this agreement without any knowledge of any rights of the petitioner, and, therefore, that she is entitled to receive her pay until it has been finally determined in this action that she has no claim to this position.

"If the petitioner is able to establish the allegations showing that she was duly and legally elected teacher of

this school, then she has a right of action and a right to recover as against the Trustees, but, if it should appear also that the respondent, Mary Ella Gandy, was also properly and legally elected teacher, she would be entitled to her compensation, and I do not see in what respect the equity of the petitioner would be any stronger than that of the respondent, Mary Ella Gandy.

. "In view of the fact that the school is being operated,.is being taught, by the respondent, Mary Ella Gandy, in a satisfactory manner, I do not think that the restraining order should be granted, for the result would be that the school would be closed pending a final determination of the questions involved in this matter. This final determination may be long delayed, and the result would be that the school would be closed and the children denied the opportunity of going to school. This consideration also influences me in refusing to grant an injunction pending a final determination of this case.

"Now, after hearing argument of Miller & Lawson, attorneys for petitioner, and of Spears & Want, attorneys for respondent, it is ordered and adjudged that the petitioner is not entitled to the restraining order pending a final determination of this case as asked for in the petition, and the same is hereby refused; that the restraining order of Judge Featherstone pending the hearing before me be, and the same is hereby, terminated.

"It is further ordered and adjudged that, pending the final determination of this matter, the respondents be not restrained, or interfered with, in the performance of their duties in the respective offices held by them."

*Messrs. Miller & Lawson,* for appellant, cite: *Grounds for permanent injunction:* 33 S. C., 1; 147 U. S., 165; 37 L. Ed., 123; 44 L. R. A. (N. S.), 189; 34 L. R. A. (N. S.), 380. *When temporary injunction proper:* 69 S. C., 159; Code Civ. Proc., 1922, Sec. 482; 19 L. R. A., 393. *Who may bring actions against public officers to prevent il-*

*legal actions:* 33 S. C., 1. *Injunction against school authorities proper:* 64 S. C., 131; 32 C. J., 251. *Enforcement of contracts; specific performance:* 129 S. C., 127; 14 R. C. L., 381. *Injunction proper to prevent removal of school:* 107 S. C., 40. *Appeal to school board not necessary; legal action proper:* 127 S. C., 215; 100 S. C., 155; 66 S. C., 259. *Informal action of School Trustees in making contracts:* 66 S. C., 264; 140 A. S. R., 1043. *Qua warranto proper method of testing election:* 30 A. L. R., 1419. *Who is public officer:* 78 S. C., 171; Civ. Code, 1922, Sec. 733. *Writ of quo warranto abolished:* Code Civ. Pro., 1922, Sec. 775. *Substitute for writ of quo warranto:* Code Civ. Pro., 1922, Sec. 779. *Burden of proof in quo warranto proceeding:* High on Extraordinary Legal Remedies (3rd Ed.), Sec. 629. *Right to salary dependent on right to office:* Ann. Cas. 1913-C, 372. *Appellant entitled to order of restitution:* Code Civ. Pro., 1922, Sec. 643; 18 Enc. Pl. & Pr., 871; 39 L. R. A. (N. S.), 1100; L. R. A., 1917-C, 1179; 1 L. R. A. Digest, 481.

*Messrs. Spears & Want,* for respondents, cite: *Appeal to County Board of Education from decision of School Trustees proper:* 52 S. C., 201. *School teacher not public officer:* 30 A. L. R., 1423. *Injunction improper:* 67 S. C., 236; 66 S. C., 1; 51 L. R. A. (N. S.), 336, note; 24 R. C. L., 619; 35 Cyc., 1094; 32 Cyc., 199; 4 Pom. Eq. (4th Ed.), Sec. 1712. *School Trustees to act as unit:* 114 S. E., 268; Laws of S. C., 1924, Act No. 566; Civ. Code, 1922, Sec. 2615; 35 Cyc., 901 and 904; 24 R. C. L., 615. *Case distinguished:* 66 S. C., 258.

March 9, 1926.

The opinion of the Court was delivered by Mr. Justice Stabler.

These proceedings were instituted in the Court below by the petitioner for the purpose of determining "the right to teach a certain public school in Darlington County, and for

injunctive relief in relation to the public funds involved." By her verified petition she alleges, in substance, that the Trustees of School District No. 9, in Darlington County, about October 6, 1924, employed her to teach a certain free common school in that district for a term of seven months or more, at a salary of $100.00 per month, and that she accepted the position; that afterwards the Trustees prevented her carrying out her contract, although she was ready and able to do so, by attempting to elect the respondent, Mary Ella Gandy, as teacher of the same school, and that they placed the said respondent in possession of the office, and ejected the petitioner therefrom. She prays that she be adjudged the duly elected teacher, and forthwith be put into possession of the school, and that the said respondent be adjudicated in unlawful possession and be required to surrender same; that the Trustees and County Superintendent of Education be restrained from paying or authorizing the payment to the respondent, Mary Ella Gandy, pending the determination of this action, the salary of the said office from any funds of the said school district.

On the verified petition, his Honor, Judge Featherstone, presiding in the Fourth Circuit, issued an order returnable before the resident Judge, requiring the respondents to show cause why the prayer of the petition should not be granted. Two of the three trustees, O. H. Haire and Elizabeth N. McIntosh, by their return, denied that the petitioner had been elected by the Trustees to teach the school but, on the contrary, alleged that the respondent, Mary Ella Gandy, was the duly elected teacher of same. School District No. 9, by its return, adopted the return and answer of the Trustees as its own. By her return, the respondent, Mary Ella Gandy, alleged that she had been duly elected teacher of the school, had entered upon the performance of her duties, and did not know at the time of her election that the petitioner had or made any claim to the position. The return of the County Superintendent of Education sets forth that

he had no knowledge or information as to any of the alleged irregularities in the election of a teacher for the said school, and that he had no information pointing to any disqualification of Miss Gandy to perform her duty as such teacher. The petitioner filed a number of affidavits in reply to the returns of the respondents tending to establish the allegations of her petition.

The matter came up for hearing before his Honor, Judge Dennis, at Darlington, January 9, 1925, and, for the reasons stated in his order, he refused to grant the relief asked for. Let the order of Judge Dennis be reported. From the order of the Circuit Court the petitioner appeals to this Court. Pending the appeal, Mr. Justice Watts issued an order of *supersedeas,* directing that the restraining order of Judge Featherstone be continued pending the appeal. Later this order was dissolved.

The appeal, by six exceptions, raises several questions. However, under our view of the case, it will be necessary to consider only the question raised by the first and second exceptions imputing error to the Circuit Judge in refusing to grant a temporary injunction. These exceptions are as follows: (1) Because Judge Dennis erred in refusing the temporary injunction which was, and is, essential to the assertion and preservation of the legal rights set forth in the petition; (2) because Judge Dennis should have enjoined the illegal acts of the School Trustees in the repudiation of their contractual engagements in relation to the employment of petitioner, and from the illegal disbursement of public funds pending the determination thereof, and he erred in refusing injunctive relief accordingly.

The first question to be considered is: Did the appellant have an appropriate and adequate remedy under the statute? In the consideration of this question it becomes necessary to examine the school laws applicable thereto. Section 2630, Subdivision 2, Code of Laws 1922, Volume 3, gives to the Board of Trustees authority "to employ teachers from those

having certificates from their County Board of Examiners or from the State Board of Education, and fix their salaries, and to discharge the same when good and sufficient reasons for so doing present themselves, subject to the supervision of the County Board of Education." Section 2616 of the Code of Laws of 1922 provides that—

"The Board of Trustees in each school district shall take the management and control of the local educational interests of the same * * * and shall be subject to the supervision and orders of the County Board of Education."

Section 2597 of the Code of Laws of 1922 is as follows:

"The County Board of Education shall constitute * * * a tribunal for determining any matter of local controversy in reference to the construction or administration of the school laws, with the power to summon witnesses and take testimony, if necessary, and when they have made a decision said decision shall be binding upon the parties to the controversy: *Provided,* That either of the parties shall have the right to appeal to the State Board of Education and said appeal shall be made through the County Board of Education, in writing, and shall distinctly set forth the question in dispute, the decision of the County Board and the testimony as agreed upon by the parties to the controversy, or, if they fail to agree, upon the testimony as reported by the County Board."

Section 2548 of Code of Laws of 1922 provides that—

"The State Board of Education * * * shall have power to review on appeal all decisions of the County Boards of Education, as hereinafter provided for. Appeals to the State Board of Education must be made through the County Boards of Education, in writing, and must distinctly set forth the question of law as well as the facts of the case upon which the appeal is taken, and the decision of the State Board shall be final upon the matter at issue."

There can be no doubt that it was the purpose of the Legislature in the enactment of the law above quoted to provide

an appropriate remedy, with suitable tribunals and methods of procedure, "for determining any matter of local controversy in reference to the construction or administration of the school laws." The present matter, the disputed election of a teacher by the Trustees, comes within the provision of the law as being such a "matter of local controversy" to be determined, if possible, by the proper school tribunals provided for by statute. The cases of *State ex rel. Williams v. Hiers,* 29 S. E., 89; 51 S. C., 388; *State ex rel. Bryson v. Daniel,* 29 S. E., 633; 52 S. C., 201; *Sligh v. Bowers,* 40 S. E., 885; 62 S. C., 409; and *Greenville College for Women et al. v. Board of Education of Greenville County,* 55 S. E., 132; 75 S. C., 93, are in support of the views herein expressed. In *Ex parte Greenville College, supra,* wherein a writ of mandamus was applied for, to require the issuance of a teacher's certificate by the Board of Education of Greenville County to a graduate of the Greenville College for Women on a diploma of that college, the Court construing the school law applicable thereto, denied the writ, holding that the petitioners had an appropriate remedy under the statute by appeal to the State Board of Education.

The views herein expressed in no way conflict with the conclusions reached by the Court in *Hughes v. School District,* 44 S. E., 784; 66 S. C., 259, as a totally different question was presented in that case. As pointed out and held by the Circuit Judge in his order, the petitioner in the present case has an adequate remedy at law.

These conclusions having been reached, the merits of the case are not properly before the Court, and will not be considered.

For the reasons herein announced, it is the judgment of this Court that the order appealed from be affirmed.

MESSRS. JUSTICES WATTS, COTHRAN, and BLEASE concur.

MR. CHIEF JUSTICE GARY did not participate.