12388

WINDHAM v. BLACK CREEK SCHOOL DISTRICT NO. 9

(141 S. E., 896)

SCHOOLS AND SCHOOL DISTRICTS—ORAL ELECTION AND EMPLOYMENT OF
TEACHER BY TWO TRUSTEES, MEETING INFORMALLY, WITHOUT NOTICE
TO THIRD, IS SUFFICIENT.—It is enough that two of the school trus-
tees, meeting informally, and without notice to the third, orally
elect and employ a teacher.

Before WILSON, J., Darlington, October, 1926.   Affirmed.

Action by Reba Windham against Black Creek School
District No. 9.   Judgment for plaintiff, and defendant ap-
peals.   Affirmed.

*Messrs. Spears & Want,* for appellant, cite: *Election of
teachers:* L. R. A., 1915-F, 1047, 1048; 24 R. C. L., 615;
Id., 576; 35 Cyc., 901–903; 25 A. & E. Enc. L. (2nd Ed.),
56, 58; 61 S. W., 793; 91 Pac., 423; 33 L. R. A., 86; Sec.
2615–2617, Code.   *Elements of estoppel:* 137 S. E., 684,
690.   *Contract between a school board and a teacher lacks
essentials of an enforcible contract:* Sec. 2630, Code.   *Cases
distinguished:* 66 S. C., 259.   *The effect of a decree as an
adjudication conclusive upon the parties is to be determined
by an examination of the issues made and intended to be
submitted, and which it was intended to decide:* 47 Sup. Ct.
Rep., 9, 16.

*Messrs. Miller, Lawson & Stokes,* for respondent, cite:
*Legal requirements of school contract:* 66 S. C., 264.
*Ratification:* 24 R. C. L., 615; 138 S. C., 485.   *Estoppel:*
2 Pom. Eq. Jur., 804; 21 C. J., 1060.   *Sufficiency or in-
sufficiency of school funds irrelevant here:* 134 S. C., 46.

March 2, 1928.

NOTE: As to effect of employment of teacher by school board without
formal meeting, see annotation in L. R. A., 1915-F, 1047; 24 R. C. L.,
615; 3 R. C. L. Supp., 1377; 5 R. C. L. Supp., 1292.

The opinion of the Court was delivered by MR. JUSTICE BLEASE.

This case in another phase has already been before this Court. *State ex rel. Windham v. Dick,* 134 S. C., 46; 131 S. E., 722. In that case, the respondent here, Miss Windham, sought to enjoin the trustees of the school district from paying from the public funds the salary of another teacher, Miss Gandy. This Court held that the Circuit Judge properly refused the injunction. In the opinion in that case, written by Mr. Justice Stabler, in which the entire Court concurred, the following statement was made:

"The views herein expressed in no way conflict with the conclusions reached by the Court in *Hughes v. School District,* 66 S. C., 259; 44 S. E., 784, as a totally different question was presented in that case. As pointed out and held by the Circuit Judge in his order, the petitioner in the present case had an adequate remedy at law."

The portion of the order of the Circuit Judge referred to in the opinion of this Court was as follows:

"If the petitioner is able to establish the allegations showing that she was duly and legally elected teacher of this school, then she has a right of action and a right to recover as against the trustees. * * *"

In the *Hughes Case, supra,* this Court approved the following charge of the Circuit Judge, Hon. R. C. Watts, now Chief Justice of this Court:

"The board of trustees have a right to make a contract —they can call a meeting or they can get together and agree on it. It is not necessary, as I take it, that they should actually designate the time and place. *They can discuss the matter on their farms, and if two agree and they elect a teacher, that is sufficient, as I take it, in the eye of the law."* (Italics added.)

The appellant here does not question the authority of the *Hughes Case;* to the contrary, its attorneys, in a commend-

able manner, called the attention of the trial Judge to the principles announced in that case, when it appeared that the Judge was likely to rule otherwise, which ruling would have been more favorable to the appellant.

I think there should be some formality as to the meeting of boards of trustees for the election of school teachers, and that all the members of the board should at least be given an opportunity to attend such meetings. Indeed, it would be well to follow a custom once prevailing in certain school districts to have written contracts between teachers and the trustees. Under the decision in the *Hughes Case,* however, these written contracts are not necessary, and parol contracts between the trustees and a teacher may be made in a very informal manner. Until it is overruled, or the law is changed by legislative enactment, or by some proper action of the State Board of Education with legislative authority so to do, I think this Court is clearly bound by the decision in the *Hughes Case.*

There was on the trial of this case sufficient testimony to go to the jury on the issue as to the election of the respondent as teacher of the school by two of the three trustees of the district; one of the trustees himself so testified.

There seems to be no question but that Judge Wilson charged the jury the law applicable to the case as laid down in the *Hughes Case.* Therefore it is my opinion that the judgment below should be affirmed.

The opinion was prepared as a dissent to the opinion of Mr. Justice Cothran. A majority of the Court having concurred therein, it is the judgment of this Court that the judgment below be affirmed.

MR. CHIEF JUSTICE WATTS and MESSRS. JUSTICES STABLER and CARTER concur.

MR. JUSTICE COTHRAN (dissenting): This is an action for $700, the alleged amount due to the plaintiff as a teacher for seven months of the school year 1924–1925, under an alleged contract with the school trustees of the defendant

district. The plaintiff was never allowed to perform the contract, as she was qualified and offered to do, another having been employed, and sues for the breach of the contract. The defendant denies that any such contract was entered into with the plaintiff.

The case was tried before his Honor, Judge Wilson, and a jury; the trial resulting in a verdict for the plaintiff for the sum of $500. From the judgment entered upon this verdict the defendant appeals.

At the close of the testimony for the plaintiff, the defendant moved for a non-suit upon the ground, among others, that the evidence for the plaintiff shows that no contract as alleged was entered into between the parties. The motion was overruled. From the view which we take of the evidence, it is not deemed necessary to consider any other point in the case.

The evidence in behalf of the plaintiff was to this effect:

The negotiations, all verbal, between the plaintiff and the trustees, were conducted by her father, her brother, and one McDonald, who was or had been principal of the school in which Miss Windham, the plaintiff, had been engaged as a teacher during the previous term. The trustees of the defendant school district at the time were O. H. Hare, J. W. Newsome, and Mrs. McIntosh. McDonald, acting for Miss Windham, first approached Trustee Hare as to her employment. Hare expressed his willingness to employ Miss Windham. The trustee Hare, McDonald, and Mr. Windham then together called upon one of the other trustees, Newsome, who expressed his concurrence with Trustee Hare in the employment of Miss Windham. Mrs. McIntosh, the third trustee, who was chairman of the board, and its secretary, was not present at the conference just referred to, and had no notice of it. Trustee Hare suggested, as a matter of courtesy, that Mrs. McIntosh be informed *of what had been done* (the election by him and Newsome, without notice to Mrs. McIntosh, of Miss Wind-

ham as teacher). Accordingly, the Trustee Hare, Mc-
Donald, and Windham called upon Mrs. McIntosh, the
trustee Newsome not accompanying them, and informed
her of the action of Trustees Hare and Newsome. In the
words of McDonald:

"Mrs. McIntosh says I would be glad to have her, but
we have another applicant that we would like to consider,
and she said finally who it was, Miss Gandy. So she wanted
to keep the matter open for a few days to consider that ap-
lication."

The three, Hare, McDonald, and Windham, then re-
turned to the home of Newsome, and reported the inter-
view with Mrs. McIntosh, which did not appear to greatly
please Newsome, who remarked, "If two trustees couldn't
rule, they needn't come to him for nothing else."

There is no pretense of showing that Mrs. McIntosh, the
third trustee, was present, or that she received any notice of
the meeting attended by Trustees Hare and Newsome, at
which Miss Windham claims to have been elected; and
evidently it was the thought of Newsome that any two trus-
tees, meeting anywhere, at any time, without notice to the
third, could consummate the election.

Mrs. McIntosh, not having been present at the meeting
at Newsome's home, and having received no notice of it, the
action of that meeting was void. Newsome, although noti-
fied of the later meeting at Mrs. McIntosh's, was not
present. In fact, all that was done there was an insistence
by Mrs. McIntosh for a further consideration of the matter
of election. Thereafter a meeting was held attended by all
of the trustees to consider the election. Hare, it seems, had
changed his opinion about the matter; Newsome did not
suggest the name of Miss Windham, but that of another;
and Miss Gandy was elected and served the term.

While, as stated by the present Chief Justice, then a Cir-
cuit Judge, in the case of *Hughes v. School Dist.,* 66 S. C.,
259; 44 S. E., 784, great informality is permitted in

reference to the meetings of school trustees, it is not suggested even, much less declared, that the unvarying rule may be disregarded that in all representative meetings, directors, committees, trustees, managers, boards, etc., notice to each and every member is required, in order to make valid the action of such body. Note, L. R. A., 1915-F, 1047; 35 Cyc. 901, 903, and notes; 25 A. & E. Enc. L. 56, 58; *School Dist. v. Adams,* 69 Ark., 159; 61 S. W., 793.

At the close of all of the evidence, the defendant made a motion for a directed verdict upon the same ground, which was refused, in which the error was equally patent.

The judgment of this Court should be that the judgment of the Circuit Court be reversed and that the case be remanded to that Court for the purpose of entering judgment for the defendant, under rule 27.