13225

McADAMS v. SCHOOL DISTRICT NO. 14

(159 S. E., 654)

*Messrs. Mays & Featherstone,* 

*Mr. Joseph Murray,* for respondent.

August 10, 1931.

The opinion of the Court was delivered by MR. JUSTICE COTHRAN.

This is an action for four months' salary as teacher of a colored school; the plaintiff alleging that she had been employed by the trustees, had taught for four months at the agreed salary of $50.00 per month, and had not been paid. The defendant denied the employment.

The case was tried before his Honor Judge Rice and a jury; he refused the defendant's motion for a directed verdict, and the jury returned a verdict in plaintiff's favor for $200.00. From the judgment entered upon this verdict the defendant appealed, relying mainly upon the refusal of its motion for a directed verdict.

The evidence for the plaintiff tended to show that a few days before she opened the school, a meeting of the patrons was held for the purpose of selecting a teacher to be recommended for election by the trustees. At this meeting the chairman of the board alone of the trustees was in attendance. The plaintiff was selected as teacher. About five days after she opened the school, a notice signed by all three of the trustees was served upon her to the effect that they did not recognize her election, notifying her that they would not authorize the payment of any salary claim that she might present, and warned her to "keep out of the school-house and off the school premises." She paid no attention to this notice, taught for four months, and presented monthly a

claim for her salary. The claims were disapproved by the county superintendent of education upon the ground that they had been approved by only one of the trustees, the chairman.

The plaintiff's action is upon an alleged contract with the trustees, and the burden was upon her, of course, to offer enough evidence thereof to justify a submission of the issue to the jury.

The action of the meeting of the patrons in selecting her for recommendation to the trustees for election as teacher did not constitute a contract between her and the trustees; that required the action of the board at a meeting thereof of which each member had received due notice. The evidence relied upon to sustain that burden was that the chairman attended the meeting of the patrons. His testimony is that he called by at the home of one of the trustees, notified him of the meeting of the patrons, and requested his attendance; he excused himself upon the ground of indisposition, but announced that he would approve whatever the chairman did; he testified that his approval was conditional upon the action of the chairman and the third trustee; the third trustee was not notified of the meeting of the patrons or of a meeting of the board to consider the matter of the plaintiff's election.

We think it clear that there was no meeting of the board, none was called; and that if the attendance of the chairman at the meeting of the patrons could be considered as a meeting of the board, notice thereof to all three members was necessary to constitute legal corporate action.

See *Windham v. School District,* 143 S. C., 511, 141 S. E., 896, and authorities cited therein.

The motion of the defendant for a directed verdict should have been granted.

The judgment of this Court is that the judgment of the Circuit Court be reversed and that the case be remanded to

that Court for the entry of judgment in favor of the defendant under Rule 27.

Mr. Justice Bonham concurs:

Mr. Chief Justice Blease, and Messrs. Justices Stabler and Carter concur in result.

Mr. Chief Justice Blease (concurring in result) : The case at bar may be distinguished, in my opinion, from that of *Windham v. Black Creek School District No. 9*, 143 S. C., 511, 141 S. E., 896, which followed the holding in *Hughes v. School District*, 66 S. C., 259, 44 S. E., 784, 786.

In the *Hughes case*, the Court approved this charge : "The board of trustees have a right to make a contract. They can call a meeting, or they can get together and agree on it. It is not necessary, as I take it, that they should actually designate the time and place. *They can discuss the matter on their farms, and, if two agree, and they elect a teacher, that is sufficient, as I take it, in the eye of the law."* (Italics added.)

In this case, I do not find any evidence showing that two of the trustees agreed to elect the plaintiff as teacher of the school. The only meeting held was that of the patrons of the school at which *only one* of the trustees, the chairman of the board, attended. He consented to the plaintiff's selection by the patrons. While he testified that another member of the board, in advance of that meeting, had told him that he would approve what the chairman did, there is no evidence that that trustee afterwards *agreed with the chairman* as to the plaintiff's election. According to the testimony, there was a promise to agree in the future; there was no agreement. The third trustee, it appears, did not agree or consent, or promise to agree or consent, to the plaintiff's election.

I again call attention to the suggestion I made in the *Windham case,* that there ought to be more formality in the matter of electing public school teachers. The law recognized in this state as to the election of teachers leaves such important matters too open to confusion and dispute.