13709

DRAUGHTON *ET AL.* v. COLBERT *ET AL.*

(171 S. E., 445)

*Mr. M. L. Meadors,* for petitioners,

*Mr. M. W. Pyatt,* for respondents,

November 2, 1933.

The opinion of the Court was delivered by MR. CHIEF JUSTICE BLEASE.

By the leave of Mr. Justice Bonham, the petitioners, for themselves and other persons similarly situated, were permitted to bring this proceeding in the original jurisdiction of the Court. See *King, Insurance Commissioner, v. Ætna Insurance Company*, 168 S. C., 84, 167 S. E., 12.

The petitioners seek, by way of mandamus, the order of this Court requiring the respondents to do certain things, all of which are incidental to the main relief demanded, namely, the issuance by the County Board of Education of Georgetown County of its warrants in payment of balances alleged to be due to the petitioners for their services as teachers in the public schools of that county during the school session of 1931–32.

As required by the order of Mr. Justice Bonham, the respondents made return to the petition filed in the cause, and they also interposed a demurrer to the petition.

It is alleged in the petition that the petitioners "are without any other remedy at law or in equity except the application for the relief herein prayed for." The demurrer asserts to the contrary, and says the petitioners should have proceeded by suit against the County Board of Education to recover any amounts due to the petitioners.

Vital allegations of the petition, and to these the respondents point in their demurrer, are: "That the County Board of Education for Georgetown County employed petitioners and the other teachers in the public schools of said county for the school session 1931–1932, and contracted to pay them for their services as teachers for the full term of said session, according to or in excess of the schedule of salaries

set forth in and directed by the statutes of the State of South Carolina providing for State Aid to public schools and commonly referred to as the '6-0-1 Law' [Act March 21, 1924, 33 St. at Large, p. 916]; and that the Petitioners and other teachers performed the services required of them and discharged their duties as teachers in said schools during said session but they have not been fully paid therefor in accordance with their contracts with the County Board of Education for Georgetown County."

It is our opinion that the demurrer must be sustained, since the petition itself discloses that the petitioners and each of them, should have instituted suit against the County Board of Education for any sum of money claimed to be due the respective petitioners for their services as teachers. in the public schools.

Section 5414 of the Code, enacted at the legislative session of 1931 (37 Stats., 184), relating to the "Public School System in Georgetown County," in Subsection 9, gives the County Board of Education of Georgetown County authority to "employ and make contracts with all teachers in the schools of the county." The general law giving the trustees of school districts authority to employ school teachers and to contract with them for their services has been amended as to Georgetown County by the mentioned legislation.

While we do not find in this Act any direct and positive language authorizing suits for compensation of school teachers to be instituted against the County Board of Education, we think there can be no doubt of the right of a teacher to bring such suit in the event of nonpayment by the County Board of Education of Georgetown County of any amount which may be due a teacher, under his contract with the County Board of Education. The statute, certainly by implication, gives that right. The right of a school teacher to sue a school district, or the trustees of a district, for compensation, has been recognized and followed in several cases.

Two recent ones are *Windham v. Black Creek School District No. 9,* 143 S. C., 511, 141 S. E., 896, and *McAdams v. School District No. 14,* 161· S.` C., 380, 159 S. E., 654. Under the law, in Georgetown County the County Board of Education occupies the same position toward the school teachers as that occupied by the trustees of school districts generally. It is the duty of the County Board of Education, as to the teachers, to carry out legal contracts, and, clearly, a teacher of that county has the right to enforce his contract with the County Board of Education, just as a teacher usually would have the right to require the enforcement of a contract made with the board of trustees of a school district. The County Board of Education has the right, too, to defend an action brought by a teacher on a contract between them, just as the school trustees would have the right to defend such action.

After recovery of judgment, in a proper action, against the County Board of Education, the teacher might require, by mandamus, the County Superintendent of Education and the County Treasurer to perform their duties toward the payment of the judgment, for, in all likelihood, the duties of those officials would simply be ministerial. See *Pressley v. Nunnery, County Superintendent of Education,* 169 S. C., 509, 169 S. E., 413. But, before those officers have any duty as to the payment of a teacher's claim, the teacher would have, first, to secure the proper warrant from the County Board of Education, or proper judgment of the Court. This Court cannot mandamus the Superintendent of Education to approve the claims of the petitioners, or the County Treasurer to make payment thereof, until proper judgment against the County Board of Education has been rendered.

"One seeking mandamus must show duty imposed upon officer, that duty is ministerial, that applicant has legal right for enjoyment of which discharge of duty is necessary, and that applicant has no other sufficient

remedy." (Syllabus.) *Gardner v. Blackwell, Sec. of State,* 167 S. C., 313, 166 S. E., 338.

The demurrer is sustained, and the petition dismissed.

MESSRS. JUSTICES STABLER, CARTER and BONHAM and MR. ACTING ASSOCIATE JUSTICE W. C. COTHRAN concur.