13823

DERRICK v. GASTON SCHOOL DIST. OF LEXINGTON COUNTY ET AL.

(174 S. E., 431)

Before Shipp, J., Lexington, November, 1932.

*Messrs. T. C. Sturkie* and *R. Milo Smith,* for appellant,

*Messrs. Efird & Carroll,* for respondent,

April 5, 1934.

The opinion of the Court was delivered by MR. JUSTICE BONHAM.

The cardinal question in this appeal is this: The respondent took his complaint against the action of the trustees of Gaston school district in Lexington County to the board of education for that county, which board decided against his claim of right to teach the Gaston school. Thereupon he appealed from the decision of the county board to the state board of education, which likewise decided against his right. No appeal from the action of the state board, nor any other action, was taken to bring the matter by certiorari to the Supreme Court. Thereafter the respondent brought his action in the Court of Common Pleas for Lexington County against Gaston school district and the trustees thereof, claiming that he had been duly elected to teach the Gaston school and had not been permitted by the trustees to do so, and demanding judgment for the salary to which he would have

been entitled if he had taught it. Judge Shipp directed a verdict in his favor.

The appeal stands upon five exceptions, but it really depends upon the answer to the question whether respondent could maintain his action in the Court of Common Pleas for his salary after the adverse decisions by the county and state boards of education?

The authorities are conflicting.

The case of *Hughes v. School District*, 66 S. C., 259, 44 S. E., 784, 790, is relied upon as authority for the proposition that the Circuit Court has jurisdiction of an action by a teacher against a school district for breach of a contract to teach a school. It is true that the opinion holds that the issue in that case was not a "matter of local controversy in reference to the construction or administration of school laws" and does not come within the rules stated in *State v. Hiers*, 51 S. C., 388, 29 S. E., 89, and *State v. Daniel*, 52 S. C., 201, 29 S. E., 633. "This case is for damages for breach of contract. Section 1205, Civ. Code 1902, provides that organized school districts 'may sue and be sued' * * * and * * * Courts of Common Pleas have jurisdiction 'in all civil cases.' "

It is significant that the charge of the Circuit Judge is approved by the opinion of this Court on appeal, and yet he had told the jury: "If complaint is made to the school trustees that the school teacher is not doing her duty, and they investigate and find good and sufficient grounds to cancel the contract, they have a right to do it, and the remedy is by appeal to the County Board and from there to the State Board, if they want to go that far."

Then cames the case of *State ex rel. Windham v. Dick*, 134 S. C., 46, 131 S. E., 772, 774. This was a proceeding in the Court of Common Pleas by the *State ex rel. Windham* seeking an injunction to restrain the county superintendent and the trustees of a school district from paying the salary of a teacher of a school in that district pending the deter-

mination of the contest between the relator and the said teacher of the question as to which was the legally elected teacher of that school.

Mr. Justice Stabler, delivering the opinion of the Court, said: "The first question to be considered is: Did the appellant have an appropriate and adequate remedy under the statute? In the consideration of this question it becomes necessary to examine the school laws applicable thereto." (He then quotes the statutes which provide for the appeal to the county and state board of education in the determination of "any matter of local controversy in reference to the construction or administration of the school laws.")

The opinion proceeds in this language: "There can be no doubt that it was the purpose of the Legislature in the enactment of the law above quoted to provide an appropriate remedy, with suitable tribunals and methods of procedure, 'for determining any matter of local controversy in reference to the construction or administration of the school laws.' The present matter, the disputed election of a teacher by the trustees, comes within the provision of the law as being such a 'matter of local controversy' to be determined, if possible, by the proper school tribunals provided for by statute."

It is true that the opinion states that the conclusions therein stated do not conflict with the conclusions reached by the Court in the *Hughes case*. But the attention of the Court is called to the fact that the question in the *Hughes case* turned upon the disputed election of a teacher, and the Court said that it did not fall within the definition of a "matter of local controversy in reference to the construction or administration of school laws." Whereas the opinion in the *Windham case* says "the disputed election of a teacher" does fall within that definition.

The *Windham case* came back to this Court under the title of *Windham v. Black Creek School District*, and is reported in 143 S. C., 511, 141 S. E., 896.

The majority opinion of the Court reaffirms the declaration of jurisdiction made in the *Hughes case,* although that was not the main issue in the last *Windham case.*

The case of *McAdams v. School District,* 161 S. C., 380, 159 S. E., 654, turns upon the validity of the election of the teacher then suing for salary.

It was held in *Pressley v. Nunnery, County Sup't of Ed.,* 169 S. C., 509, 169 S. E., 413, 414, that "The election of a teacher being a 'matter of local controversy,' any party aggrieved may appeal, from the board's approval or disapproval of the action of the trustees, to the state board of education," citing the case of *State ex rel. Windham v. Dick, supra.* In this *Pressley case* an appeal was made to the county board, which made no disposition of the matter. This Court said: "The board's inaction was equivalent to denying the petition of the patrons, who might have appealed to the state board of education from such implied approval of the contract. However, as the matter was allowed to rest, the status of the plaintiff, as the legally employed teacher of the school, was unaffected and unchanged."

Is it not a necessary corollary deducible from the above proposition that, if the appeal had been taken to the state board of education, the action of that board would have fixed the status of the teacher, and by the express terms of the statute that action would have been final?

The last utterance on the subject is contained in *Draughon v. Colbert,* 171 S. C., 22, 171 S. E., 445, 446, in which the Chief Justice, delivering the opinion of the Court, said: "The right of a school teacher to sue a school district, or the trustees of a district, for compensation, has been recognized and followed in several cases"—citing the last *Windham* and the *McAdams cases.*

But it will be observed that in none of the cases which support that rule had the teacher appealed from the action of the trustees to the county board of education, and from an adverse decision by them, followed up with an appeal to the state board of education. Whereas, in the appeal which

we now have under consideration, the teacher, the respondent here, prosecuted an appeal to the county board and to the state board of education, both of which denied his claim that he was a legally elected teacher of Gaston school district. The statute in express terms makes the action of the state board final. No step was taken by certiorari, or otherwise, to have the action of the state board reviewed.

It was said in the case of *State ex rel. Windham v. Dick, supra:* "There can be no doubt that it was the purpose of the Legislature in the enactment of the law above quoted to provide an appropriate remedy, with suitable tribunals and methods of procedure, 'for determining any matter of local controversy in reference to the construction or administration of the school laws.' The present matter, the disputed election of a teacher by the trustees, comes within the provision of the law as being such a 'matter of local controversy' to be determined, if possible, by the proper school tribunals provided for by statute."

Can one pursue this remedy thus specifically provided by the legislature, and, having lost, seek redress in another distinct tribunal? We think he is estopped by the application of the doctrine of *res adjudicata.*

It is attempted to be argued that the question tried by the Court of Common Pleas was not the same as that decided by the State Board of Education. The contention is the refinement of technicality. The Circuit Court was trying the right of the plaintiff to recover for his salary as teacher of the Gaston school, which right depended upon the legality of his election. That very question was submitted by the State Board of Education to the attorney general for his opinion, who advised the board that the election of the respondent was invalid. The state board adopted the opinion and made it the judgment of the board. There being no action on the part of the respondent to bring this action on the part of the state board to this Court by certiorari or otherwise, the judgment of the state board is final.

If that disposition of the matter by the State Board of Education is not final, then the "suitable tribunals and methods of procedure 'for determining any matter of local controversy in reference to the construction or administration of the school laws,' " in which local controversy is included "the disputed election of a teacher by the trustees," are " a delusion and a snare," and the action of the legislature in the enactment of such legislation is an idle gesture insofar as the disputed election of a teacher is concerned. The teacher, whose election is disputed, would then be in better shape than most other litigants. He would have two tribunals, to both of which he might appeal, the county and state boards of education; or he may proceed in the Courts. But he may not try both the boards of education and the Courts and then select the decision of that one which best suits him.

The judgment of the Circuit Court is reversed, and the complaint is dismissed.

MR. CHIEF JUSTICE BLEASE and MR. JUSTICE STABLER concur.

MR. JUSTICE CARTER (dissenting) : Under the facts of this case, I think the judgment of the lower Court should be sustained. I am therefore unable to agree with the conclusion reached in the majority opinion of the Court, and most respectfully dissent.