BELL BROTHERS, PLAINTIFFS IN ERROR, v. WHITE LAKE LUMBER COMPANY, DEFENDANT IN ERROR.

1. **Justice of Peace:** JUDGMENT: PRESUMPTION. Where in an action tried before a justice of the peace no bill of particulars is set out in the record, but there is a finding of the justice that "there is due and owing from defendant to plaintiff upon the account sued upon the sum of fifty-two dollars and seventy-seven cents, with interest from June 1st, 1885," it will be presumed that the account was before the justice when he rendered judgment.

2. **Jurisdiction:** TECHNICAL OBJECTIONS NOT CONSIDERED. Where a party appears in court and objects by motion to the jurisdiction of the court over his person, he must state specifically the grounds of objection. Technical objections to the jurisdiction of the court, over the person of the defendant, will be unavailing unless they are specific.

3. **Justice of Peace:** MOTION TO DISMISS: JUDGMENT. A party who appears before a justice of the peace and moves to dismiss the action, which motion was afterwards overruled, and the party not desiring to appear further, judgment was rendered against him, cannot afterwards have the judgment set aside upon his offering to confess judgment for costs.

4. ———: APPEAL: UNDERTAKING. Where an undertaking for an appeal is filed with the justice more than ten days after the rendition of the judgment, it is not error for him to refuse to approve the same.

5. **Error Must Affirmatively** appear in the record and will not be presumed.

ERROR to the district court for Franklin county.  Tried below before GASLIN, J.

*A. E. Fletcher*, for plaintiffs in error.

*Sheppard & Black*, for defendant in error.

MAXWELL, CH. J.

This action was originally commenced before a justice of the peace in Franklin county by the White Lake Lumber Company against Bell Bros., and judgment rendered in favor of said lumber company.  Bell Bros. then took the case on error to the district court where the judgment of the justice was affirmed.  The cause is now brought into this court on petition in error.

The attorneys for the defendant in error now move to dismiss the proceedings in error in this court for the following reasons:

First.  No abstract of the record of this case has been, printed and filed in this court by the plaintiffs in error.

Second.  No objections were made or exceptions taken in the court below, of the errors complained of here.

Third.  It does not appear by the record in this case that the attention of the court below was directed, by the plaintiff in error, to the rulings of the court objected to here.

The motion is evidently made under a misapprehension of the facts of the case, as there is a printed abstract of the case on file, and certain exceptions were taken to the rulings of the justice, and the alleged errors were specifically assigned in the district court.  The motion is therefore overruled.

The cause was originally commenced before one Isaac Black, a justice of the peace of Franklin county, and upon a motion for change of venue, it was transferred to one

John Earson, and by him was set for hearing on the 20th day of June, 1885, at 10 o'clock A.M.

At the time stated the attorney for Bell Bros. appeared and filed a motion as follows:

"Comes now the defendant above named, by its attorney, reserving the privilege of appearing for the purpose of this motion only, and moves the court to dismiss this cause of action for the following reasons, to-wit:

"First. The court has not obtained jurisdiction over the person of the defendant.

"Second. The court has not jurisdiction over the subject matter of said cause of action."

The motion was overruled, and Bell Bros. not desiring to answer, their default was taken, and judgment entered against them for $52.77, and costs of suit.

Five days afterward the attorney for Bell Bros. filed a motion to set aside the default and offered to confess judgment for costs up to that time. This was taken up and overruled on the 13th of July, 1885. On the 6th of July, 1885, Bell Bros. filed their undertaking for an appeal with the justice, which he refused to approve, because not filed within the time required by law.

The errors assigned in the district court were the following:

"The court erred in rendering judgment in said cause for any amount whatever.

"The court erred in overruling plaintiffs' motion to dismiss said cause.

"The court erred in overruling motion to set aside judgment by default rendered in said cause filed by plaintiff in error.

"The court erred in refusing to approve the bond for appeal, filed by plaintiff in error, asking that an appeal be allowed to the district court.

"The court erred in rendering judgment against Joseph Bell and Rob't Bell."

No copy of the bill of particulars is set out in the record or abstract, but that there was such a bill there is no doubt, as the justice finds "That there is due and owing from defendant to plaintiff, upon the account sued upon, the sum of fifty-two dollars and seventy-seven cents, with interest from June 1st, 1885." That there was evidence to support this finding will be presumed, as the evidence is not preserved in the record.

The second objection is untenable. A party who objects by motion to the jurisdiction of the court over his person must state specifically the reasons for the objection. He who raises an objection upon technical grounds must himself be technically correct; that is, the cause of objection must be distinctly pointed out, otherwise the motion should be overruled; so with the objection that the court has not jurisdiction over the subject matter, although usually this will appear from the statement of the cause of action. So far as this record discloses, the justice had jurisdiction both over the person of the defendant and the subject matter of the action. There was no error, therefore, in overruling the motion to dismiss.

3. There was no error in overruling the motion to set aside the judgment by default. Bell Bros. were present by attorney when the judgment was rendered, and so far as appears had an opportunity to make a defense if they so desired. Having failed to do so, they could not afterwards move to set aside the default.

4. The justice properly refused to approve the undertaking for an appeal. The statute requires such undertaking to be filed "within ten days from the rendition of judgment." The justice has no discretion in the matter, and it is his duty to refuse to approve such undertaking, unless filed within the ten days.

5. The subject-matter of the action was upon an account, the nature of which is not set out, and as error

It is apparent that justice has been done. It is not the policy of the law to encourage parties to file motions and dilatory pleas in an action, which do not affect the merits of the case; such pleas are usually intended for delay, and not as a means of obtaining justice for the parties.

There is no error in the record, and the judgment of the court below is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.