BENNETT HIER V. ANHEUSER-BUSCH BREWING ASSOCIATION.

FILED JUNE 15, 1897. No. 7366.

1. **Appeal from County Court: BOND.** The statutes requiring one who appeals from a judgment of the county court to give an undertaking as an essential prerequisite to the appeal, are valid and not in conflict with the constitution.

2. ———: ———. The requirements that such undertaking shall be filed within 10 days from the rendition of judgment and shall be approved by the county judge are mandatory, and the statutes are not satisfied by the tender of a bond in the district court at a later time.

ERROR from the district court of Saline county. Tried below before HASTINGS, J. *Affirmed.*

*Fayette I. Foss,* for plaintiff in error.

*Abbott & Abbott, contra.*

IRVINE, C.

The Anheuser-Busch Brewing Association recovered a judgment against Hier in the county court of Saline county. Hier lodged a transcript in the district court, but gave no appeal bond. The brewing association filed a motion to strike the case from the docket because no appeal had been taken. This motion was sustained. Hier, by this proceeding, seeks to review the action of the district court in striking his appeal from the docket.

It is provided by chapter 20, section 26, Compiled Statutes, that in civil actions either party may appeal from the judgment of the county court "in the same manner as provided by law in cases tried and determined by justices of the peace. The amount of the bond or undertaking taken shall be double the amount of the judgment and costs, and shall be approved by the probate judge." By section 1006 *et seq.* of the Code of Civil Procedure

appeals are provided for from judgments of justices of the peace to the district court, and by those sections it is required that an undertaking shall be filed within ten days from the rendition of judgment. It is contended by the plaintiff in error that these statutes are void in so far as they require an undertaking as a condition of an appeal. The particular constitutional provision which is invoked is section 17 of article 6, whereby it is provided that appeals to the district court from the judgments of county courts shall be allowed in all criminal cases on application of the defendant, and in all civil cases on application of either party. This does not mean, however, that the constitution in itself operates as an appeal from every judgment of the county court.ᐧ It is left to the legislature to provide the manner of taking an appeal, and the legislature has undoubtedly the power to provide such requirements and attach such conditions as are necessary to protect the adverse party. At the time the constitution was adopted the same statutes were in force, and in other states a bond was quite frequently required as a condition of perfecting an appeal. Such a requirement does not restrict the right or deny it. It merely regulates the manner of exercising the right. By section 24 of the Bill of Rights the right to be heard in all civil cases in the court of last resort by appeal, error, or otherwise is secured to litigants, and as the only method of reaching the court of last resort to review a judgment of a justice of the peace is through the district court, the right to appeal from the judgment of a justice is as fully secured by the constitution as the right to appeal from the judgment of the county court. Yet, in many cases, this court has sustained the statute requiring an undertaking as a condition precedent to an appeal from the judgment of a justice of the peace. (See, for instance, *Bell v. White Lake Lumber Co.*, 21 Neb., 525, *Johnson v. Van Cleve*, 23 Neb., 559, and *School District v. Traver*, 43 Neb., 524.) In the last case it is said: "The giving of the appeal bond is essen-

tial to confer jurisdiction of the cause upon the appellate tribunal."

It is also contended that the statute offends that provision of the constitution, section 19, article 6, which provides that all laws relating to courts shall be general and of uniform operation. This objection has no merit. The statute applies to all county courts and to all judgments thereof, and is general and of uniform operation. Nor does the statute violate section 13 of article 1, providing that all courts shall be open, and every person for any injury done him in his lands, goods, person, or reputation shall have a remedy by due course of law and justice administered without denial or delay. The county courts are open to all citizens on the same terms, and the right of appeal is conferred on all alike, subject to the same method of perfecting that appeal.

The further objection that the statute is vicious, being in the nature of class legislation, is equally devoid of merit. As we have said before, it applies to all persons without distinction. The mere fact that some litigants may be so unfortunate as to be unable to procure sureties upon a bond does not, as is contended, render the statute objectionable as being in the interest of the wealthy classes. One who, through poverty, is unable to pay costs or attorney's fees is equally precluded from his remedies. But this is not by virtue of the statute; it is by virtue of his own unfortunate circumstances, which neither the legislature nor the constitution can control.

When the motion was made to strike the case from the docket the plaintiff tendered an appeal bond in the district court and asked to have it there approved. The ten days within which he was permitted to file the bond had expired. He did not present it to the county judge, who is the only officer with authority to approve it. The cases already cited establish the principle that the statute requiring the giving of a bond is jurisdictional, both as regards the time of tendering the same and its approval. In *Bell v. White Lake Lumber Co., supra,* MAXWELL, J.,

said: "The justice has no discretion in the matter, and it is his duty to refuse to approve such undertaking unless filed within the ten days."

AFFIRMED.