10433

McCOLLUM v. CROSBY *ET AL.*

(103 S. E. 514.)

1. SCHOOLS AND SCHOOL DISTRICTS—LOCATION OF A SCHOOL BUILDING WITHIN DISCRETION OF TRUSTEES.—The location of a school building is an administrative matter within the discretion and judgment of the school trustees, subject to the appellate and supervisory power of the county and State boards of education.

2. SCHOOLS AND SCHOOL DISTRICTS—LOCATION OF BUILDING BY TRUSTEES APPROVED BY BOARDS OF EDUCATION WILL NOT BE ENJOINED.—Where it did not appear that the action of the trustees was illegal or was an abuse of discretion imposed in them, and the motives of the county and State boards of education who approved a change of location of a school building were unassailed, a taxpayer who suffers no injury different from that of others is not entitled to an injunction to restrain an order changing location; Civ. Code 1912, sec. 1707, providing for appeals in such matters to the State board of education.

Before TOWNSEND, J., Chester, March, 1920.    Affirmed.

Suit by C. B. McCollum, for himself and a majority of the qualified electors and taxpayers in Leeds School District No. 15, of Chester county, against W. W. Crosby and others, as trustees of said Leeds School District. From an order vacating a temporary injunction previously issued, plaintiffs appeal.

After hearing argument Judge Townsend announced that he did not think the allegations of the complaint such as to entitle the plaintiffs to an injunction, and referred to *Sarratt v. Cash,* 103 S. C. 531, 534, 536, 88 S. E. 256; that the location of the school building was an administrative matter within the discretion and judgment of the school trustees subject to the appellate and supervisory power of the county and State boards of education; that the facts alleged in the complaint did not authorize the inference that the action of the trustees was either illegal or an abuse of the discretion imposed in them; its approval by the county and

State boards of education whose motives are unassailed, indicate the contrary, and by Civil Code 1912, section 1707, the decision of the State board is final in such matters; that the management of school affairs are intrusted by law to these school and educational boards, and individuals should show that they are threatened with some special damage not common to the public before they are entitled to enjoin action by such boards on the ground that they are about to abuse their powers.

Thereupon, he made the following order:

This is an application to vacate a temporary injunction issued by the Hon. Ernest Moore, Judge of the Sixth Circuit, in the above entitled action on the 29th day of December last. The question involved in the action is as to the location of the schoolhouse by the school trustees, defendants in this action. It appears that the action of the school trustees has been reviewed and confirmed by the county board of education and the State board of education. I do not think the facts stated in the complaint are sufficient to authorize this Court to interfere with the action of the trustees by injunction for these reasons. The temporary injunction heretofore issued on the 29th December last be, and the same is hereby, absolved.

*Messrs. Henry & McClure,* for appellant, cite: *Duties and powers of school trustees:* 1 Civ. Code 1912, sec. 1761. *Power or discretion vested in individuals must be exercised in good faith and reasonably:* 104 S. C. 356. *Injunction proper remedy for taxpayers to prevent expenditure of tax money:* 41 S. C. 222; 62 S. C. 413. *Error to refuse injunction when damages cannot be measured and removal affects plaintiff and defendants in like plight:* 107 S. C. 43. *Temporary injunction shown to be necessary by complaint on its face will not be vacated on motion:* 69 S. C. 169; 54 S. C. 473; 86 S. C. 161; 51 S. C. 435.

*Messrs. Gaston & Hamilton,* for respondents, cite: *Where boards are vested by law with authority and discretion their acts will not be disturbed unless it be shown that such power and discretion have been used in an unreasonable and arbitrary manner. On a question of judgment the Court will not substitute its judgment for that of a board fairly exercised:* 74 S. C. 560; 75 S. C. 93; 103 S. C. 531; 99 S. C. 134.

June 28, 1920.

The opinion of the Court was delivered by MR. CHIEF JUSTICE GARY.

For the reasons therein stated, the judgment of the Circuit Court is affirmed.