14637

BROWN *ET AL.* v. COUNTY BOARD OF EDUCATION FOR WILLIAMSBURG COUNTY *ET AL.*

(195 S. E., 642)

November, 1937.

*Mr. J. D. O'Bryan,* for appellants,

*Mr. A. C. Hinds,* for respondents.

March 10, 1938.

The opinion of the Court was delivered by MR. JUSTICE BONHAM.

At the times named in the complaint in this action, the plaintiffs were the duly qualified trustees of School District No. 38 in Williamsburg County.

October 8, 1937, the County Board of Education for that county directed a communication to the trustees of said school district informing them that the County Board of Education had been informed "that the driver of the Central School bus refuses to accept for transportation to Kingstree High School the 7th grade pupils of Central School District," and directing the trustees of Central School District to instruct the driver of the bus to accept seventh grade pupils for transportation to Kingstree High School.

October 12, 1937, the County Board addressed another communication to the trustees of Central School District, in which they said: "Since you as trustees of said Central School District No. 38 have failed and refused to carry out the instructions of the County Board of Education, you, S. T. Brown. F. P. Guerry, and W. L. Tisdale, are hereby ordered and required to appear before the Board of Education for Williamsburg County, at 10:00 o'clock a. m., Thursday, October 14, in the office of the Superintendent of Education, to show cause, if any, why you should not be removed as trustees of Central School District No. 38."

Thereafter, on October 30, 1937, the County Board of Education passed a resolution stating that after due notice to show cause why they should not be removed as such trustees, and they having failed to show any just cause, the said S. T. Brown, F. P. Guerry, and W. L. Tisdale were removed as trustees of Central School District No. 38.

November 10, 1937, the County Board of Education appointed and qualified W. T. Smith, C. L. Brown, Jr., and J. M. McCrea trustees of the said school district.

November 6, 1937, the plaintiff brought this action for the avowed purpose of having declared null and void the resolution of the County Board of Education under which the plaintiffs were removed as trustees of Central School District No. 38, and to have declared null and void the appointment of the appellants as trustees of the said school district in the place and stead of the respondents; and for the securing of a temporary order restraining the appellants from exercising the functions of trustees of said district during the pendency of this action.

Central School District No. 38 was made a party plaintiff to the action, but, by order of Judge Stoll, it was stricken from the complaint.

The defendants demurred to the complaint on the grounds, viz.:

1. That the Court has no jurisdiction of the subject of the action, because the complaint shows on its face that it is

an action to reverse or set aside the action of the County Board of Education removing the plaintiffs as trustees of Central School District No. 38; and it does not appear from the complaint that the plaintiffs, before bringing this action, have exhausted their remedies, to wit, the right to appeal to the State Board of Education as provided by the statute law of the State.

2. That the plaintiffs have no legal capacity to sue, since they have no right to contest the removal of trustees or the appointment of other trustees; these powers being vested by law in the County Board of Education.

3. That the complaint does not state facts sufficient to constitute a cause of action, in that the action is one primarily to determine the right of two sets of claimants to the office of trustees of Central School District No. 38, and this is not the proper proceeding by which such rights should be determined.

The demurrer was heard by Judge Stoll, who overruled it in a short order, which does not state on what grounds it is based.

From this order, the defendants appeal on two exceptions, to wit: Error in overruling the demurrer, which challenged the jurisdiction of the Court for that the plaintiffs before bringing the action had not exhausted the remedy provided by the statutes, viz., the right to appeal from the County Board of Education to the State Board of Education; and because the plaintiffs have no legal capacity to sue, since they, as trustees, have no right to contest the removal of trustees, or the appointment of other trustees; their only right of action, if any they have, is as individuals.

It is necessary that we review the statutes of the State governing the management and control of public schools in order that we may clearly understand the issues involved in this appeal.

In the year 1896 the General Assembly passed an Act, 22 St. at Large, p. 150, the main purpose of which was "to Declare the Free School Law of the State." The provisions of

this Act, and amendments thereof, are embraced in Vol. 2 of the Code of 1932. Section 5288 of the Code is as follows: "The State Board of Education shall constitute an advisory body, with whom the State Superintendent of Education shall have the right to consult when he is in doubt as to his official duty; and shall have power to review on appeal all decisions of the county boards of education, as hereinafter provided for. Appeals to the State Board of Education must be made through the County Boards of Education, in writing, and must distinctly set forth the question of law as well as the facts of the case upon which the appeal is taken, and the decision of the State Board shall be final upon the matter at issue."

Section 5348 of the Code of 1932 provides that: "The county board of education shall constitute an advisory body with whom the county superintendent of education shall have the right to consult when he is in doubt as to his official duty, and also a tribunal for determining any matter of local controversy in reference to the construction or administration of the school laws, with the power to summon witnesses and take testimony, if necessary, and when they have made a decision said decision shall be binding upon the parties to the controversy: Provided, That either of the parties shall have the right to appeal to the State Board of Education, and said appeal shall be made through the county board of education, in writing, and shall distinctly set forth the question in dispute, the decision of the county board and the testimony as agreed upon by the parties to the controversy, or, if they fail to agree, upon the testimony as reported by the county board."

Section 5354 of the Code provides that: "Each school district shall be under the management and control of the board of trustees hereinafter provided for, subject to the supervision of the county board of education."

Section 5369 of the Code provides for the appointment and election of school trustees, and for their removal by the County Board of Education: "Provided, That no school

trustee shall be removed by the county board of education except for cause, and after said trustee shall have had a hearing before said county board of education, and the said trustee shall have the right to appeal to the State Board of Education."

The General Assembly, by its Act of 1933, 38 St. at Large, p. 494, amending Code 1932, § 5369, provided that: "Trustees shall be subject to removal from office for cause by the County Boards of Education upon notice, and after being given the opportunity to be heard by the County Board of Education. Any such order of removal shall state the grounds thereof, the manner of notice and the hearing accorded the trustee, and any such trustee shall have the right to appeal within ten (10) days after service of such order upon him to the State Board of Education. Vacancies occurring in the membership of any Board of Trustees for any cause shall be filled for the unexpired term by the County Board of Education in the same manner as provided for full term appointments."

Having set forth the statute law of the State applicable to the facts of this appeal, it is pertinent to see what construction and application the Courts have given to it.

In the case of *State ex rel. Bryson v. Daniel, County Sup of Education,* 52 S. C., 201, 29 S. E., 633, 634, there was a petition for mandamus in the original jurisdiction of the Supreme Court to compel Daniel, as County Superintendent of Laurens, to approve certain warrants issued to the petitioner by the trustees of School District No. 6, for services as a teacher in that district.

Mr. Justice Pope, afterwards Chief Justice, delivered the opinion of the Court, denying the petition for the writ. This occurs in the opinion: "For while, under subdivision 2 of section 44 of the act of 1896 (See 22 St. at Large, p. 167), the board of trustees are empowered to employ teachers, and fix their salaries, this power must be exercised 'subject to the supervision of the county board of education.' When, therefore, the contract in question was made by the three trus-

tees of school district No. 6 with the petitioner, there was incorporated into such contract a provision that such contract was subject to the supervision of the county board of education for Laurens county. Also, in section 37 of the same act, it is provided that, while the trustees of school districts shall take the management and control of the local educational interests of the same, they 'shall be subject to the supervision and orders of the county board of education.' We are impressed, in reading this act of the general assembly, that the legislature has thus formulated, in one consistent whole, rules and regulations intended for the government of the public school system of the state, beginning with the state superintendent of education; then the state board of education; then the county superintendent of education; then the county boards of education; then trustees of school districts; then trustees of special graded schools, county auditors, county treasurers, state treasurer, comptroller general, etc. By its terms, as before stated, trustees of school districts are under the supervision and control of county boards of education, while county boards of education are under the supervision of state boards of education."

The case of *State ex rel. Williams v. Hiers*, 51 S. C., 388, 29 S. E., 89, 91, was an application in the original jurisdiction of the Supreme Court for a writ of mandamus to compel Hiers, County Superintendent of Education of Colleton County, to approve the claim of O. P. Williams for desks for the George School District No. 3.

The application for the writ was denied. The Court, by Mr. Justice Gary, afterwards Chief Justice, said: "When the respondent refused to approve the claim, the relator had the right to an adjustment of his claim by the county board of education, and also the right to appeal from the decision of that tribunal to the state board of education. As the relator had an adequate remedy other than by proceedings in mandamus, the application, under such circumstances, will not be granted."

In the case now before us the relief sought is by way of injunction to restrain the defendants from the exercise of the functions of trustees of Central School District No. 38, to which office they have been appointed by the County Board of Education of Williamsburg County. The language of the Court in the *State ex rel. Williams v. Hiers case,* and in that of *State ex rel. Bryson v. Daniel, County Superintendent, supra,* is especially applicable.

No less appropriate and timely is the opinion of this Court, written by Mr. Justice, now Chief Justice, Stabler, in the case of *State ex rel. Windham v. Dick,* 134 S. C., 46, 131 S. E., 772, 774. This was an application for injunction to restrain the payment of the salary of a teacher of a public school of which the relator claimed to be the duly elected teacher, but which school she was not allowed to teach. Circuit Judge Dennis refused the petition for injunction and dissolved the temporary restraining order. On appeal this action was affirmed. Mr. Justice Stabler, after a full consideration and citation of the school law, as we have done in this case, said: "There can be no doubt that it was the purpose of the Legislature in the enactment of the law above quoted to provide an appropriate remedy, with suitable tribunals and methods of procedure, 'for determining any matter of local controversy in reference to the construction or administration of the school laws.' The present matter, the disputed election of a teacher by the trustees, comes within the provision of the law as being such a 'matter of local controversy' to be determined, if possible, by the proper school tribunals provided for by statute." (Citing authorities.)

It cannot be successfully urged that the matter in controversy in this appeal is not a "matter of local controversy in reference to the construction or administration of the school laws." It relates directly to the administration of the school law governing the transportation of pupils to schools. The County Board of Education directs that a certain method be pursued; the trustees of the school district involved ignore or refuse to obey the order of the County Board. Thereupon,

the County Board adopted a resolution removing these trustees, and thereafter appointed others in their stead. The trustees thus removed deny the right or power of the County Board of Education to remove them.

It seems to us these facts and conditions bring the matter directly within the definition of "a matter of local controversy, in reference to the construction or administration of the school laws;" for the trial of which the Legislature, in the laws governing public schools, "has provided an appropriate remedy, with suitable tribunals and methods of procedure."

It was error to overrule the demurrer. The order overruling it is reversed, and the temporary restraining order is revoked.

MESSRS. JUSTICES BAKER and FISHBURNE and MR. ACTING ASSOCIATE JUSTICE WM. H. GRIMBALL concur.

MR. CHIEF JUSTICE STABLER and MR. JUSTICE CARTER did not participate on account of illness.