16093

HORN v. BLACKWELL.

(48 S. E. (2d) 322)

Mr. G. W. *Speer,* of Gaffney, for Appellant,

Mr. R. A. *Dobson,* of Gaffney, for Respondent,

June 15, 1948.

OXNER, J.: This proceeding was brought by respondent, as landlord, to eject appellant, a tenant, from a farm which appellant was cultivating as a sharecropper. The tenant went into possession of the premises in the fall of 1946. The ejectment proceedings were commenced in the Magistrate's Court on June 7, 1947. The landlord claimed that the tenant prom-

ised to discontinue mill work at the beginning of the crop season, but failed to do so; that he failed to plant the agreed number of acres in various crops; and that he had failed and neglected to cultivate any of the crops in a proper manner. The tenant denied that he had breached any of the conditions or terms of the lease. After hearing considerable testimony on the issues involved, the Magistrate issued an order on June 27, 1947, wherein he found that the tenant had violated the terms of the lease and that the landlord was entitled to a warrant of ejectment. On June 30th, the tenant served notice of intention to appeal to the Court of Common Pleas. On July 16th, the Magistrate issued a further order, in which, after reciting the fact that the tenant had appealed but had failed to give bond as required by Section 30 of the landlord and tenant Act of April 3, 1946, 44 St. at L., page 2584, he directed the Sheriff to forthwith eject the tenant from the premises. Notice of this order was served on the tenant on August 9th and he immediately vacated. Thereafter in November, 1947, when the appeal came up for hearing before the Court of Common Pleas, the landlord moved to dismiss it upon the ground that the tenant had failed to give bond as required by the above statute. After hearing argument of counsel, the motion to dismiss the appeal was granted.

The Act of 1946, under which this proceeding was brought, provides that if the verdict in the ejectment proceeding is in favor of the landlord, the Magistrate shall within five days issue a writ of ejectment. Section 27. Section 29 allows either party the right to appeal from the judgment of the Magistrate. Section 30 provides: "An appeal in an ejectment case will not stay ejectment unless at the time of appealing the tenant shall give an appeal bond as in other civil cases for an amount to be fixed by the trial magistrate, and conditioned for the payment of all costs and damages which the landlord may sustain thereby. In the event the tenant shall fail to file the bond herein required

within five (5) days after the service of the notice of appeal such appeal shall be dismissed."

Appellant apparently concedes that under the terms of the foregoing section dismissal of an appeal by a tenant is mandatory unless bond is filed within the time stipulated. For the purpose of this decision, we acquiesce in this construction and make no effort to construe this section. Appellant's contention is solely that under our Constitution the General Assembly is without authority to require the giving of the bond as a condition precedent to the right of appeal by the tenant. Our consideration shall be strictly confined to this question.

It is well settled that the right of appeal is not an inherent or vested right, but is a matter of grace. *Osteen v. Atlantic Coast Line R. Co.,* 119 S. C. 438, 112 S. E. 352; *Cobb v. South Carolina Nat. Bank et al.,* 210 S. C. 533, 43 S. E. (2d) 465; 2 Am. Jur., page 847. In *Carmand v. Wall,* 1 Bailey 209, the Court said: "It is a general rule that an appeal is not to be allowed from an inferior tribunal, except where it is expressly granted by law. It is not only a rule of the English courts, but it is one by which our courts have uniformly been governed."

It follows that in the absence of a constitutional restriction, the legislature in its discretion may abridge or regulate the right of appeal. Appellant says that in the case of an appeal from a magistrate, the General Assembly is limited by the terms of Article 5, Section 23, of our Constitution, which provides that in all cases tried by a magistrate, "the right of appeal shall be secured under such rules and regulations as may be provided by law."

The requirement that an appeal bond or other security be given as a condition precedent to the right of appeal from a magistrate or justice of the peace is embodied either in a statute or rule of court in most jurisdictions. 51 C. J. S., Justices of the Peace, Sec. 153, page

279. In *Bell v. Wheeler*, 3 S. C. 104, an appeal was dismissed because the appellant had not executed an undertaking for the payment of the costs as required by statute. "Under its general authority to regulate appellate procedure the legislature has the power to require the giving of a bond or undertaking as a condition precedent to the right to appeal or sue out a writ of error, unless such power is clearly excluded by the constitution. Such statutes do not violate constitutional provisions granting the right of appeal, as they do not restrict or deny the right, but merely regulate the manner of exercising it * * *." 4 C. J. S., Appeal and Error, § 502, page 971.

A Nebraska statute requiring the filing of an undertaking as a condition of an appeal from a county court of that state was upheld in *Hier v. Anheuser-Busch Brewing Co.*, 52 Neb. 144, 71 N. W. 1005. The Nebraska Constitution contained a provision that appeals from the judgments of county courts should be allowed in all civil cases on the application of either party. In construing this provision, the Court said: "This does not mean, however, that the constitution in itself operates as an appeal from every judgment of the county court. It is left to the legislature to provide the manner of taking an appeal, and the legislature has undoubtedly the power to provide such requirements and attach such conditions as are necessary to protect the adverse party. At the time the constitution was adopted, the same statutes were in force, and in other states a bond was quite frequently required as a condition of perfecting an appeal. Such a requirement does not restrict the right, or deny it. It merely regulates the manner of exercising the right." Also, see *Harrigan et al. v. Gilchrist et al.*, 121 Wis. 127, 99 N. W. 909.

We conclude that the General Assembly may lawfully require the filing of a bond as provided for by Section 30 of the Act under consideration as a condition precedent to the right to appeal from an order of ejectment. We are not

unaware of the fact that such a requirement may impose a hardship upon some tenants, but we are here dealing with the power of the General Assembly and not with the question of whether such power was wisely exercised.

The Court below did not pass upon the merits of the appeal and it is unnecessary for us to do so. We have no hesitancy in saying, however, that the exceptions relating to the merits are untenable.

Judgment affirmed.

BAKER, C. J., and FISHBURNE, STUKES and TAYLOR, JJ., concur.