16275

TURNER *ET AL.* v. JOSEPH WALKER SCHOOL DIST.
NO. 9 *ET AL.*
(56 S. E. (2d) 243)

*Messrs. Paslay & Paslay, of Spartanburg,* for Appellants,

*Messrs. J. Davis Kerr and Thomas A. Evins,* of Spartanburg, *for Respondents,*

November 7, 1949.

FISHBURNE, Justice.

The County Board of Education of Spartanburg County ordered the consolidation of Joseph Walker School District No. 9 with Campobello School District No. 49 and Landrum School District No. 45 under the authority vested in the Board by Section 5319 of the Code of 1942. Appellants, who are trustees of Joseph Walker School District, and opposed to the consolidation, appealed on behalf of themselves and other taxpayers, voters and freeholders, to the

Court of Common Pleas, which court affirmed the order of the County Board.

The appeal in this case challenges the regularity and validity of the various steps taken before the County Board to effect the consolidation, and seeks a reversal of the decree of the lower court affirming such consolidation.

Petitions purporting to contain the signatures of a majority of the qualified voters and freeholders of each of the above named school districts were duly filed with the County Board of Education on April 9, 1948. Thereafter the Board met, took testimony, heard and considered oral and written arguments from counsel for those sponsoring the consolidation and those opposing consolidation. On May —, 1948, the Board duly filed its "Findings, Conclusions and Order," sustaining the validity of the petitions and ordering the consolidation.

When the appeal to the Court of Common Pleas from the action of the County Board came on to be heard, that court overruled a motion of the respondents, previously noticed, to dismiss the appeal for lack of jurisdiction. The motion was based upon the ground that the consolidation of school districts is within the exclusive jurisdiction of the County Board of Education, and that any appeal taken from the findings of such Board lies only to the State Board of Education as provided by Section 5317 of the Code, which section governs in matters of local controversy. And further, that if the question before the County Board was not one of "local controversy," as contemplated by Section 5317, no appeal would lie to the Circuit Court, as such court could acquire jurisdiction only by way of petition and writ of certiorari. It was argued that the law provides no method of appeal to the Circuit Court under Code Section 794.

The lower court held that it was vested with jurisdiction, and directed counsel for respondents to argue the case on the exceptions made by the appellants, but specifically stated

that such participation would not in any sense constitute a waiver of the contention as to the want of jurisdiction.

As we view the case, the paramount question to be determined is whether the Court of Common Pleas had jurisdiction to pass upon the appeal from the action of the County Board. That court decided all issues involving the merits favorably to respondents, but overruled the contention made by respondents that it lacked jurisdiction. Other interesting questions are raised by appellants relating to the merits of the controversy, but because of the decision we have reached with reference to the question of jurisdiction, it will not be necessary to consider these.

In our opinion, under the facts and issues made, the lower court was not vested with jurisdiction to entertain the appeal from the County Board of Education.

Section 794 of the Code provides in part as follows: "Appeals from inferior courts—supersedeas—hearing on the papers.—When a judgment is rendered by a magistrate's court, by the county commissioners or any other inferior court or jurisdiction, save the probate court heretofore provided for in this code of procedure, the appeal shall be to the circuit court of the county wherein the judgment was rendered, * * * Provided, that in those counties where county courts are now established or which may hereafter be established appeals in such cases, except those from the probate courts, and those that exceed the jurisdictional amounts of the respective courts, shall be to the county court of the county."

By the provisions of the above section, the law designates with particularity from what courts an appeal will lie, and has confined appeals to the Court of Common Pleas (or the county court) from judgments rendered by a magistrate's court, by the county commissioners or any other inferior court or jurisdiction, save the probate court. As we construe the statute, the County Board of Education does not come within the purview of the law

relating to appeals. It is not an inferior court or jurisdiction, for the duties conferred upon it are purely administrative in character. Had the legislature seen fit to permit appeals from the various Boards, it could easily have so stated.

It is well established in this jurisdiction that the right of appeal is not an inherent or vested right, but is a matter of grace. It was unknown to the common law. *Horn v. Blackwell,* 212 S. C. 480, 48 S. E. (2d) 322; *Cobb v. South Carolina Nat. Bank,* 210 S. C. 533, 43 S. E. (2d) 465; *Osteen v. Atlantic Coast Line R. Co.,* 119 S. C. 438, 112 S. E. 352; 2 Am. Jur., Sec. 6, Page 847. In *Horn v. Blackwell, supra* [212 S. C. 480, 48 S. E. (2d) 323], the following principle is quoted from *Carmand v. Wall,* 1 Bailey, 209: "It is a general rule that an appeal is not to be allowed from an inferior tribunal, except where it is expressly granted by law. It is not only a rule of the English courts, but it is one by which our courts have uniformly been governed."

The right of appeal depends upon, and must be found in, the statute, having no existence in the absence of provisions therein conferring it. Schools and School Districts, 56 C. J., Sec. 82, Page 244.

In passing upon the question of whether or not an appeal lies from an administrative board, viz.: the State Board of Canvassers, the court held in *Whipper v. Talbird,* 32 S. C. 1, 10 S. E. 578, that the statute in question gives no such right of appeal, and that the State Board of Canvassers is not an inferior court or jurisdiction. It was there stated: "The right of appeal does not exist in every case, and can only be claimed under some constitutional or statutory provision conferring such right." A kindred question arose in *Feldman v. South Carolina Tax Commission,* 203 S. C. 49, 26 S. E. (2d) 22, in which case it was held that the law provides no mode of procedure for appeal from the order of the Tax Commission revoking the license of a retail

liquor dealer, and that the proper method of reviewing the action of the commission in such case is by writ of certiorari.

This being the settled rule, it is incumbent upon appellants to point out some law investing them with the right of appeal from the action of the Spartanburg County Board. In support of their contention that the Court of Common Pleas is vested with appellate jurisdiction, they cite the case of *Patrick v. Maybank,* 198 S. C. 262, 17 S. E. (2d) 530, and the case of *School Dist. No. 60 of Williamsburg County v. Montgomery,* 150 S. C. 391, 148 S. E. 218. But these cases are in no sense applicable or controlling to the issue here made.

The question involved in *Patrick v. Maybank, supra* [198 S. C. 262, 17 S. E. (2d) 533], was based upon facts analogous to those in the current case. In that case the court held that the State Board of Education is without jurisdiction to entertain an appeal from the action of the County Board of Education, permitting a school district to withdraw from a consolidated school district created by a special Act of the Legislature, and resume its former status as a common school district.

As was pointed out in the foregoing case, "The appellate jurisdiction of the State Board of Education is dependent upon the provisions of Sections 5288 and 5348, Code 1932 (Secs. 5281 and 5317, Code 1942). The former section (5288) provides that the State Board 'shall have power to review on appeal all decisions of the county boards of education, as hereinafter provided for'; while the latter section (5348) provides that the County Board of Education shall be 'a tribunal for determining any matter of local controversy in reference to the construction or administration of the school laws,' and that either party to such a controversy 'shall have the right to appeal to the State Board of Education.' While the terms of Section 5288 are rather broad they must of course be construed in connection with the provisions of Section 5348, from which it clearly appears

that the appellate jurisdiction of the State Board of Education was intended to be limited to matters of local controversy."

And the court in announcing its conclusion that the State Board of Education possessed no appellate jurisdiction except in matters of local controversy, stated: "For we are thoroughly ·convinced that the matter of creating (or re-creating) a new school district which here involves the destruction of what purports to have been a large consolidated school district and may require the determination of serious constitutional questions, is by no means a local controversy."

In the case of *School District No. 60 of Williamsburg County v. Montgomery,* 150 S. C. 391, 148 S. E. 218, 219, the plaintiffs (appellants) brought a direct and independent action in the Court of Common Pleas, and by their complaint sought to prevent the creation by the County Board of Education of a certain proposed school district in Williamsburg County, involving the consolidation of four former districts. At the time of the beginning of the procedural steps leading to consolidation, the petition to the County Board was signed by more than one-third of the qualified electors of the entire territory, but not by as many as one-third of the qualified electors of one of the districts in the consolidation, to wit: No. 60, and it was held that under the terms of the Act the petition was insufficient, since it was necessary to have the signatures of at least one-third of the qualified electors of each district proposed to be consolidated. The action in the above case, as stated, was brought in the Court of Common Pleas for Williamsburg County, and it was earnestly contended by the defendants (respondents) that the court could not give the relief sought because the law requires the parties in interest to appeal from the County Board of Education to the State Board of Education. In denying this contention, the court stated:

"We do not think, however, that this case is controlled by the *Windham case (State ex rel. Windham v. Dick,*

134 S. C. 46, 131 S. E. 772, holding that the disputed election of a teacher was a matter of local controversy). The situation here is altogether different. The matter of completely dissolving school district No. 60 is but one of mere 'local controversy'. The rights of taxpayers of school district No. 60 are involved. Perhaps creditors, especially bondholders, have claims against that school district. This class of persons might have claims against a school district.

"Nor is this case like that of *McCollum v. Crosby,* 114 S. C. 169, 103 S. E. 514, also cited by the respondents, where it was held that the location of a school building is an administrative matter within the discretion and judgment of the school trustees, subject to the appellate and supervisory power of the county and state boards of education.

"As indicated, the county board of education sought here to destroy the very corporate existence of school district No. 60. That is much more than a matter of 'local controversy,' and any interested person who might suffer injury thereby had the right, in our opinion, to seek relief from such threatened injury in our courts."

Also see *Brown v. County Board of Education for Williamsburg County,* 186 S. C. 325, 195 S. E. 642.

It will be noted that no appeal was attempted in *Patrick v. Maybank, supra,* to the Circuit Court. Appeal was taken from the County Board of Education to the State Board of Education, and it was argued that this was the appellate procedure to be followed. But the contention was overruled because the matter involved, like the one now before us, did not consist of a mere "local controversy." The court held, however, that appellants were entitled to bring their independent action in the Court of Common Pleas to obtain the relief they sought.

> In the case before us, the appellants were not authorized to appeal from the action of the County Board to the State Board of Education, because the

issue involved did not fall within the category of a mere "local controversy." Nor under the law, Secs. 794, 5317, were the appellants given the right to appeal to the Court of Common Pleas. They did not adopt the procedure of applying for a writ of *certiorai,* nor did they pursue the course followed in *School District No. 60 of Williamsburg County v. Montgomery, supra,* where an independent action was instituted in the Court of Common Pleas.

It follows that the Court of Common Pleas for Spartanburg County was without jurisdiction to entertain the appeal from the County Board, and that the decree of that court on this ground alone must stand reversed. The judgment is reversed, but without prejudice to the right of appellants, if they be so advised, to seek a determination of the matters in controversy by any court of competent jurisdiction.

Judgment reversed.

BAKER, C. J., and STUKES; TAYLOR and OXNER, JJ., concur.