16336

## WILLOW CONSOLIDATED HIGH SCHOOL DIST. v. UNION SCHOOL DIST. NO. 46 OF ORANGEBURG COUNTY *ET AL.*

(58 S. E. (2d) 729)

*Messrs. Moss & Moss,* and *C. E. Summers,* of Orangeburg, *for Appellant,*

*Messrs. John Grimball,* of Columbia, and *Hydrick & Hydrick,* of Orangeburg, *for Respondents,*

April 6, 1950.

OXNER, Justice.

The single question raised by this appeal is whether a litigant has the right of appeal to the Court of Common Pleas from a decision of the County Board of Education determining a matter of local controversy in reference to the administration of the school laws.

Six children, who are residents of the Willow Consolidated High School District and who normally would attend the high school of said district, have been attending the high school of Union School District No. 46. Both of these districts are in Orangeburg County. In November, 1948, the Willow Consolidated High School District brought an action in the County Court of Orangeburg County against the Union School District for the purpose of enjoining the trustees and the superintendent of schools of the latter district from enrolling or instructing said children or any other children residing within the plaintiff district. This action was dismissed by the Judge of the County Court upon the ground that the plaintiff had an adequate remedy before the County Board of Education. On January 11, 1949, the attorney for the plaintiff in the above action wrote a letter to the Superintendent of Education requesting that the County Board determine the issues raised by the pleadings in the action which had been dismissed. The County Board of Education held a hearing on January 21, 1949, which was attended by all interested parties. In a resolution passed on February 21, 1949, this tribunal determined all issues adversely to the Willow Consolidated High School District and held that under the exceptional facts and circumstances presented, the pupils involved "will be better accommodated by the high school in Union School District No. 46." See Section 5346 of the 1942 Code. The Willow Consolidated High School District gave due notice of intention to appeal to the Court of Common Pleas of Orangeburg County from the decision of the County Board. That Court dismissed the appeal on June 13, 1949, upon the ground that it was without jurisdiction to hear the matter. The merits of the question were not considered. From this order of dismissal, the Willow Consolidated High School District has appealed.

The sole contention made by the exceptions is that appellant had the right to appeal to the Court of Common Pleas under Article 5, Section 15 of the Constitution, which provides in part that the Courts of Common Pleas "shall have

appellate jurisdiction in all cases within the jurisdiction of inferior Courts, except from such inferior Courts from which the General Assembly shall provide an appeal directly to the Supreme Court."

Under the terms of Section 5317 of the 1942 Code, the County Board of Education is empowered to determine "any matter of local controversy in reference to the construction or administration of the school laws." It is further provided that either party to the controversy may appeal from the decision of the County Board to the State Board of Education. While some difficulty has been encountered at times in determining whether a particular issue could be property classified as a matter of local controversy within the meaning of this statute, it has been uniformly held that where the controversy was one of this nature, the remedy of the party feeling aggrieved by the decision of the County Board of Education was not by appeal to the Court of Common Pleas but to the State Board of Education, a suitable tribunal fixed by statute to hear such appeals. *State ex rel. Windham v. Dick, County Superintendent et al.,* 134 S. C. 46, 131 S. E. 772; *Brown et al. v. County Board of Education,* 186 S. C. 325, 195 S. E. 642; and the cases therein reviewed. It is conceded that the issue here is a matter of local controversy within the meaning of Section 5317. Appellant's contention is that notwithstanding the provisions of this section, the right of appeal to the Court of Common Pleas is given by the terms of Article 5, Section 15 of the Constitution. The question for determination is whether the County Board of Education is an inferior court within the contemplation of this constitutional provision.

In the recent case of *Turner et al. v. Joseph Walker School District No. 9,* 215 S. C. 472, 56 S. E. (2d) 243, 244, it was held that the County Board of Education could not be classified as an "inferior court" in the sense that term was used in Section 794 of the Code of 1942. That section provides that "when a judgment is rendered by a magistrate's court, by the county commissioners or any

other inferior court or jurisdiction, save the probate court * * * the appeal shall be to the circuit court of the county wherein the judgment was rendered * * *." The Court said: "As we construe the statute, the County Board of Education does not come within the purview of the law relating to appeals. It is not an inferior court or jurisdiction, for the duties conferred upon it are purely administrative in character." It is clear from this decision that the County Board of Education is not an inferior court within the meaning of Article 5, Section 15 of the Constitution.

We find no basis for the assertion in appellant's brief that the *Turner case* reversed a long line of our former decisions and "radically changed the school law of this state." On the contrary, we think that decision is fully sustained by the authorities in this State as well as those from other jurisdictions. In *Ex parte Evans,* 72 S. C. 547, 52 S. E. 419, the Court held that the City Council of Greenville in passing on the question of issuing a permit to build a house was not acting as a court of inferior jurisdiction within the purview of Section 15, Article 5 of the Constitution.

Appellant contends that the holding in the *Turner case* to the effect that the County Board of Education is not a court of inferior jurisdiction is contrary to the view adopted by this Court in *Derrick v. Gaston School District of Lexington County,* 172 S. C. 472, 174 S. E. 431. In that case the plaintiff brought an action against a school district and the trustees thereof for his salary, claiming that he had been duly elected to teach but had not been permitted by the trustees to do so. Prior to bringing that action, the question as to whether plaintiff was legally elected as a teacher was decided adversely to him by the County Board of Education, which was affirmed on appeal by the State Board of Education. The Court held that the decision by these school tribunals, to which plaintiff had taken his complaint, was *res judicata.* The question as to whether the County Board of Education was an inferior court was not discussed. It is argued

that the Court impliedly held it to be such because the doctrine of *res judicata* applies only to a body exercising judicial functions. But it does not follow because a tribunal performs some functions of a *quasi* judicial nature that it is a court. It was held in *Schwartz v. Mount Vernon-Woodberry Mills*, 206 S. C. 227, 33 S. E. (2d) 517, that although the Industrial Commission exercises some powers judicial in nature, it is not a court within the contemplation of Article 5, Section 15. Many other illustrations might be given where administrative bodies or commissions have been given certain *quasi* judicial powers by express authority of statute but have not been regarded as courts.

It is further argued that if the County Board of Education is not a court, it was without jurisdiction to hear the issues presented for determination. It is said that under Section 14, Article 1 of the Constitution, the power conferred on the County Board of Education by Section 5317 may only be exercised by the courts. This question is not raised by any exception. It was included in the exceptions on appeal to the Court of Common Pleas but there abandoned. While under these circumstances it is very doubtful whether we should consider this contention, we find no difficulty in concluding that it is untenable.

In *State ex rel. Richland County v. Columbia*, 17 S. C. 80, the Court said: "There is no reason why the legislature may not intrust the performance of acts of a judicial nature to persons and bodies corporate who do not constitute one of the Courts of the State; and it is the constant habit to do so." This language was quoted with approval in the later case of *Bradford v. Richardson*, 111 S. C. 205, 97 S. E. 58. Also, see *State ex rel. Richards, Governor, v. Ballentine, Sheriff*, 152 S. C. 365, 150 S. E. 46, 66 A. L. R. 574.

On the call of this case for argument, appellant moved to dismiss the action on the ground that the County Board of Education had no jurisdiction of the subject matter. This

motion raises one of the questions which we have already discussed. The motion is denied.

The order appealed from is affirmed.

FISHBURNE, STUKES and TAYLOR, JJ., and L. D. LIDE, A.A.J., concur.

BAKER, C. J., not participating.